UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

CHRISTINA PASSAVIA,                                    Case No. 24-cv-1359

       Plaintiff,

  - against -

               **COMPLAINT**

THE COUNTY OF SUFFOLK,

               **Jury Trial Demanded**

       Defendant
---------------------------------------------------------------------X

  Plaintiff, CHRISTINA PASSAVIA, by her attorneys, CAMPANELLI & ASSOCIATES,

P.C., as and for her complaint against defendant, the County of Suffolk, respectfully alleges as

follows:

## I.  Introduction

  1.  This case is the latest in a string of civil rights actions brought against the County

of Suffolk, based upon the County's ongoing, and arguably *willful*, failure and refusal to comport

with multiple federal court decisions issued by the United States District Court, Eastern District

of New York, requiring the County to afford due process to the owners of motor vehicles, from

whom the County has made warrantless seizures of such vehicles.

  2.  Specifically, defendant the County of Suffolk (the "County"), has deprived

Plaintiff of her right to be free from state deprivations of property without due process of law

under the Fifth and Fourteenth Amendments of the United States Constitution.

  3.  The County seized a vehicle belonging to Plaintiff – a 2020 Chevrolet bearing

VIN 1G1Y72D48L5110396 (the "Vehicle") – and has brought a civil forfeiture action naming

only the criminal defendant, Travis Passavia, who is Plaintiff's husband. The County maintains

that Plaintiff is not entitled to participate in the forfeiture action because her name is not on the title to the Vehicle, and she is therefore not an owner of the Vehicle.

4.     Nevertheless, it is well settled that the title to a vehicle is not conclusive proof that a non-titled individual is not an owner of the vehicle or has no protectable interest in the vehicle. Rather, it raises a rebuttable presumption that is an issue of fact to be determined by a jury.

5.     Further, the County has actively withheld due process from Plaintiff through its Judicial Hearing Officers and the County Attorney. Specifically, Plaintiff was not served with any notice that the car was being seized, and was not served with notice of a retention hearing, as is required under federal law.[1]

6.     Both the United States Court of Appeals for the Second Circuit and the District Courts in the Eastern District of New York have made it crystal clear that when a municipality, such as the County of Suffolk, makes a warrantless seizure of an automobile, it must afford the owner of such vehicle a prompt post-seizure hearing commonly known as a "*Krimstock*" hearing. Here, the County did not do this.

7.     Rather, consistent with the current practices of the County, only Plaintiff's husband was afforded the "*Krimstock*" hearing because the Vehicle is titled in his name.

8.      In order to protect her ownership interest, and her right to use and possess the Vehicle, Plaintiff sought to intervene in the forfeiture action.

9.     The County Attorney refused to stipulate to Plaintiff's intervention and actively opposed Plaintiff's motion for intervention asserting that, because her name does not appear on the title to the Vehicle, she is not entitled to due process in connection with the disposition of the Vehicle.

---

[1] *Krimstock v. Kelly*, 506 F.Supp.2d 249 (S.D.N.Y. August 15, 2007).

10.     In addition, the County's refusal to allow Plaintiff to participate in the forfeiture action strips Plaintiff of the right and ability to protect her property interest in the vehicle. It is indisputable that this violates Plaintiff's right to due process.

11.     As a result of this *per se* violation of Plaintiff's right to due process, Plaintiff has commenced this action seeking compensatory damages, costs and attorneys' fees, pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges and immunities guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## II.     <u>Jurisdiction and Venue</u>

12.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

13.     Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

14.     In addition, Plaintiff seeks reasonable attorneys' fees and expert fees (if any) as part of the costs authorized to the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

15.     Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in Suffolk County, New York.

### III.    The Parties

16.    Plaintiff Christina Passavia ("Plaintiff") is an individual residing in the State of New York, and is a co-owner with her husband of the Vehicle.

17.    Upon information and belief, defendant the County of Suffolk (the "County") is a municipal corporation, organized and operating under the laws of the State of New York.

### IV.    Preliminary Facts and Applicable Legal Principles

18.    At all relevant times described herein, Plaintiff was and is the co-owner of the Vehicle. Plaintiff traded in her 2017 Toyota 4-Runner, in exchange for which the dealer credited $30,000 toward the purchase of the Vehicle.

19.    Plaintiff and her husband intended that the Vehicle would belong to both of them, even though the title would be in Plaintiff's husband's name.

20.    On or about August 8, 2022, Plaintiff's husband was arrested while driving the Vehicle and was charged with driving while intoxicated.[2]

21.    At that time, the Vehicle was seized and impounded by the Suffolk County Police Department.  Notably, the County did not provide Plaintiff's husband with the required "NOTICE OF RIGHT TO A RETENTION HEARING" pursuant to *Krimstock.* Rather, the Suffolk County Attorney averred in the Amended Verified Complaint in the forfeiture action that, "a Notice of Seizure and Hearing *was mailed to PASSAVIA* at the address on file with the New York State Department of Motor Vehicles, via certified mail, return receipt requested." (A copy of the Amended Verified Complaint in the forfeiture action is attached as Exhibit A.)

22.    *Krimstock* requires such notice to be "provided at the time of seizure." *Krimstock v. Kelly*, 99-cv-12041(HB), 2007 U.S. Dist. LEXIS 82612 (S.D.N.Y. October 1, 2007); *See also,*

---

[2] Plaintiff's husband has pleaded not guilty, and the charges remain pending.

*Ezaqui v. City of New York*, 726 F.Supp.2d 275, 280-81 (E.D.N.Y. 2010).

23.     Nevertheless, the County did not provide the notice *at the time of the seizure*. Instead, the County just skipped ahead to the mailing requirement. This does not comport with the notice requirements set forth in *Krimstock* and its progeny.

24.     More importantly, no notice whatsoever was provided by the County to Plaintiff in connection with the seizure of the Vehicle.

25.     On or about February 22, 2023, the County commenced a forfeiture action against Plaintiff's husband and the Vehicle.

26.     After the County refused to consent to Plaintiff's intervention, on or about July 24, 2023, Plaintiff moved to intervene in the forfeiture action in order to prove and protect her rights as an owner of the Vehicle. The County vigorously and successfully, opposed the motion, again intentionally thwarting Plaintiff's access to due process in connection with the deprivation of her property.

27.     The County argues that Plaintiff need not be treated as an owner because her name does not appear on the title. This argument is disingenuous, as it is well-settled that title to a Vehicle is not conclusive proof of ownership, but can be rebutted. *See, e.g., New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 112 (2d Cir., 2006); *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 86 (2nd Cir. 2002). *See also, Dorizas v. Island Insulation Corp.*, 254 A.D.2d 246, 247-48 (2nd Dep't 1998); *Sosnowski v. Kolovas*, 127 A.D.2d 756, 757 (2nd Dep't 1987) (title creates presumption of ownership, but is not conclusive, and may be rebutted, which raises a question of fact to be resolved by a jury); *Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998) (substantial payments made toward ownership of vehicle demonstrated the requisite property interest).

28.     Here, Plaintiff contributed her own vehicle for which the dealer credited the trade-in value of $30,000 toward the purchase of the Vehicle.

29.     Indeed, the fact that the Vehicle was acquired during the marriage, and is thus marital property, is sufficient to demonstrate the requisite property interest. *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir., 1999) (proof of property interest could consist of proof that a vehicle is marital property as defined under New York State Law).

30.     Here, the County would not even allow Plaintiff to participate in the litigation in order to prove her ownership interest in the Vehicle.

31.     Plaintiff's right to due process has been violated repeatedly by the County. As a result, she has never had the opportunity to submit her proof that she owns the Vehicle, or to defend her ownership interest in it. As a result, the County will likely deprive her permanently of her property without having afforded her even a semblance of due process.

### Monell Liability

32.     Pursuant to *Monell v. Dep't of Social Servs. Of New York,* 436 U.S. 658, 693 (1978), "a municipality may be held liable for the constitutional violations committed by its employees when such violations result from the municipality's official policy."

33.     "Official policy" may simply be a "decision by a person with 'final policy-making authority." (*Id.*)

34.     Moreover, even a single decision by a decisionmaker can expose the County to liability under §1983. (*See, e.g., Stern v. City of New York,* 2016 WL 3827653 (E.D.N.Y. 2015).

35.     Here, the County Attorney is a final decision-maker for the County in connection with the decision to retain and seek forfeiture of vehicles as instrumentalities of a crime. The County Attorney, acting in the capacity of final decisionmaker for the County, made the decision

to authorize the commencement of a forfeiture action against the Vehicle, and made the decision not to allow Plaintiff to participate in the litigation in order to protect her property interests.

36.     The County Attorney was explicitly advised, on several occasions, that Plaintiff is an innocent owner of the Vehicle. Nevertheless, the County Attorney refused to consent to Plaintiff's intervention and actively, and successfully, opposed it.

37.     The systemic exclusion of non-titled innocent owners from forfeiture actions by the County is an official practice of the County Attorney's office, and is so outrageous in its flagrant refusal to provide innocent owners due process that it shocks the conscience.

38.     It is beyond clearly-established law that municipalities cannot seize vehicles and deprive their owners of the use and possession of their vehicles without affording them an opportunity to be heard. A multitude of decisions handed down by the United States Court of Appeals for the Second Circuit, each of which unequivocally states the same, establishes this.

39.     Because the actions described herein, and the resultant injuries sustained by Plaintiff, were undertaken pursuant to policies, customs, and practices maintained by the County and a final decisionmaker of the County Attorney's office, the County is liable to Plaintiff under 42 U.S.C. §1983.

40.     As such, Plaintiff is entitled to compensatory damages, declaratory and injunctive relief and costs of bringing this action, including attorneys' fees and any expert fees she incurs, pursuant to 42 U.S.C. §1988.

**CLAIM FOR RELIEF**
**COUNT I**
**(Procedural Due Process – 42 U.S.C. § 1983)**

41.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

42.     At all times described herein, under New York law, Plaintiff possessed the clearly established property rights to purchase, use, own and possess her motor vehicle without unlawful deprivation of her use and enjoyment of it by the County.

43.     As described above, the County deprived Plaintiff of her right to participate in the forfeiture action which will adversely affect her rights in the Vehicle.

44.     The County effectuated this deprivation by creating and applying its policy, practice and procedure in which it categorically deprives vehicle owners of their rights to due process by refusing to recognize their ownership rights where they are not named on the title to the vehicle.

45.     This knee-jerk refusal to recognize legitimate ownership interests results in the deprivation of property, *i.e.*, a motor vehicle, without due process of law, thus depriving vehicle owners of procedural due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

46.     Here, the County refused to stipulate to Plaintiff's intervention and Plaintiff was forced to bring a motion to intervene for which she uncured expenses. Plaintiff now faces the likelihood that she will lose her property as a result of the forfeiture action, without having had any opportunity to be heard.

47.     Accordingly, Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983, inclusive of compensatory damages, injunctive and declaratory relief, and an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## COUNT II
## (Declaratory Judgment and Permanent Injunction)

48.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

49.     Despite numerous Court decisions that such policies, practices and procedures violate the Due Process Clause of the Fourteenth Amendment as articulated in *Krimstock,* the County has continued and continues to maintain its constitutionally infirm policies, practices and procedures as set forth above.

50.     An ongoing controversy exists as a result of the County's ongoing refusal and failure to comply with the dictates of the Fourteenth Amendment by excluding from both its retention hearings and its forfeiture proceedings non-titled persons asserting legitimate ownership interests in seized vehicles. This has affected Plaintiff and countless others in the past, and will undoubtedly continue to affect others in the future.

51.     As such, there is an ongoing controversy over which this Court possesses jurisdiction.

52.     Accordingly, Plaintiff seeks a declaratory judgment, adjudging and declaring that the County's practices as described above are unconstitutional on their face, and as applied by the County.

53.     In addition, Plaintiff seeks permanent injunctive relief prohibiting the County from continuing its constitutionally infirm practices described herein.

9

## COUNT III
### (Procedural and Substantive Due Process – 42 U.S.C. §1983)

54.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

55.     The County asserts it has authority to pursue forfeiture of Plaintiff's Vehicle based upon the Suffolk County Code, Chapter 420.

56.     Chapter 420 requires the County to plead and prove that an innocent owner – like Plaintiff herein – "engaged in affirmative acts which aided, abetted or facilitated an alleged underlying criminal offense for which the vehicle was used as an instrumentality."

57.     Chapter 420 further directs that "no property shall be forfeited under this article unless [the County] produces clear and convincing evidence that [any] noncriminal defendant engaged in affirmative acts which aided, abetted or facilitated  the conduct of the criminal defendant."

58.     Chapter 420 defines "non-criminal defendant" by incorporating by reference the definition set forth in CPLR §1310(10), which reads:

> Noncriminal defendant means a person, other than the defendant, who possesses an interest in the proceeds of a crime, substituted proceeds of a crime, or instrumentality of a crime.

59.     As such, Plaintiff was on notice, not that her Vehicle *would* be subject to forfeiture, but that it *would not* be subject to forfeiture, since she is a noncriminal defendant who did not "engage in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant." Simply put, Plaintiff did not do anything that would subject her Vehicle to forfeiture under the Suffolk County Code. Therefore, Plaintiff could not have been on notice that her Vehicle would be subject to forfeiture.

60.    By invoking Chapter 420 to pursue civil forfeiture of the Vehicle – the very code which actually *prohibits* forfeiture in this circumstance – the County is depriving Plaintiff of her right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

61.    Due process requires, among other things, that a state or local law which empowers a municipality to pursue civil forfeiture of personal property must place the owner of such property on notice of what property may be subjected to forfeiture, and under what circumstances civil forfeiture may be pursued.

62.    Given the language of Chapter 420, Plaintiff was not put on notice that her Vehicle may be subject to forfeiture, and any application of the civil forfeiture provisions of Chapter 420 would violate Plaintiff's right to due process.

63.    By consistently applying Chapter 420 in a manner contrary to the clearly expressed intention of the Suffolk County Legislature, the County Attorney consistently violates the right to substantive due process of innocent owners, including Plaintiff, by consistently going outside of the limitations set forth by the legislature in Chapter 420.

64.    As such, the County's pursuit of civil forfeiture against the Vehicle – while simultaneously relying on *and* violating Chapter 420 – shocks the conscience and violates Plaintiff's procedural and substantive due process rights.

65.    Accordingly, pursuant to 42 U.S.C. §1983, Plaintiff is entitled to relief in the form of a declaratory judgment adjudging and declaring that the County's actions as described herein violate Plaintiff's rights to procedural and substantive due process, and is additionally entitled to an award of costs and attorneys' fees pursuant to 42 U.S.C. §1988.

## COUNT IV
## ("As Applied" Constitutional Challenge to Chapter 420)

66.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

67.     As set forth above, the provisions of Chapter 420 of the Suffolk County Code expressly limit the County's authority to pursue civil forfeiture of personal property.

68.     Chapter 420's limitations expressly prohibit the County from subjecting the Vehicle to any claim for civil forfeiture, because Plaintiff is an innocent owner who did not "engage[] in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant."

69.     Nevertheless, the County has invoked Chapter 420 as the basis for its forfeiture action against the Vehicle.

70.     By doing so, the County has applied Chapter 420 in an unconstitutional manner which violates Plaintiff's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as the New York Constitution.

71.     Despite the fact that the express limitations on the County's authority to pursue civil forfeiture effectively give notice to innocent owners that their property is *not* subject to forfeiture, the County has applied Chapter 420 to deprive Plaintiff of her property with no notice that the Vehicle would be subject to forfeiture. This is an unconstitutional application of Chapter 420.

72.     Therefore, the forfeiture of the Vehicle without Plaintiff's participation in the forfeiture action deprives Plaintiff of her property without due process of law, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

73.     Based upon the foregoing, Plaintiff is entitled to a declaratory judgment, declaring

12

and adjudging that Suffolk County Code Chapter 420 is unconstitutional as applied by the County to Plaintiff in violation of her rights to due process.

74.     Accordingly, Plaintiff is entitled to relief pursuant to 42 U.S.C. §1983 and an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment in favor of Plaintiff and against the County as follows:

### **COUNT I**
### **(Procedural Due Process – 42 U.S.C. §1983)**

(a) Awarding Plaintiff compensatory damages against the County in an amount to be proven at trial, but not less than $25,000;

(b) Awarding Plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. §1988(b);

(c) Awarding Plaintiff any and all expert fees incurred by Plaintiff pursuant to 42 U.S.C. §1988(c); and

(d) Such other and further relief as the Court may deem just and proper.

### **COUNT II**
### **(Declaratory Judgment and Injunctive Relief)**

(a) Adjudging and declaring that the County's practices described above are violative of the Due Process Clause of the Fourteenth Amendment;

(b) Permanently enjoining the County from continuing to exclude non-titled owners of vehicles in civil forfeiture proceedings;

(c) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b);

(d) Awarding Plaintiff any and all expert fees incurred by Plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e) Such other and further relief as the Court may deem just and proper.

## COUNT III
### (Procedural and Substantive Due Process – 42 U.S.C. §1983)

(a) Adjudging and declaring that the County's actions as described herein violate Plaintiff's rights to procedural and substantive due process;

(b) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b);

(c)  Awarding Plaintiff any and all expert fees incurred by Plaintiff pursuant to 42 U.S.C. §1988(c); and

(d) Such other and further relief as the Court may deem just and proper.

## COUNT IV
### ("As Applied" Constitutional Challenge to Chapter 420)

(a) Adjudging and declaring that Suffolk County Code Chapter 420 is unconstitutional as applied by the County to Plaintiff in violation of her rights to due process;

(b) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b);

(c) Awarding Plaintiff any and all expert fees incurred by Plaintiff pursuant to 42 U.S.C. §1988(c); and

(d) Such other and further relief as the Court may deem just and proper.

Dated: Merrick, New York
      February 23, 2024

                          Yours etc.,
                          Campanelli & Associates, P.C.
                              /s/
                     By: Andrew J. Campanelli
                     Attorneys for Plaintiff
                     1757 Merrick Avenue, Suite 204
                     Merrick, New York 11566
                     (516) 746-1600
                     ajc@campanellipc.com